NICHOLAS M. WAJDA
Nevada State Bar No: 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Email Address: nick@wajdalawgroup.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| VERONICA DUNCAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC.,<br><br>Defendant. | Case No.<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT; 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT; 47 U.S.C. § 227.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Veronica Duncan ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of First National Collection Bureau, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this putative class action complaint seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA) pursuant to 15 U.S.C. § 1692, and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) as Defendant is

domiciled in the State of Nevada, Defendant conducts business in the District of Nevada, and maintains significant business contacts in the District of Nevada.

### PARTIES

4.   Plaintiff is a natural person over 18-years-of-age.

5.   Defendant is a business entity engaged in the collection of debts within the State of Nevada. Defendant is incorporated in the State of Nevada.

6.   The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

### FACTS SUPPORTING CAUSES OF ACTION

7.   Prior to the events giving rise to this action, Plaintiff incurred a debt with First Premier Bank for $538.40 ("subject debt").

8.   Due to financial hardship, Plaintiff was unable to sustain timely payments and defaulted on the subject debt.

9.   In or around 2021, Defendant acquired right to collect on the subject debt.

10.   Defendant began calling Plaintiff's cellular phone number, (252) XXX-6357, in an attempt to collect upon the subject debt. Plaintiff answered a call from Defendant and told Defendant to stop calling her cellular phone.

11.   At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 6357.

12.   Despite knowing that Plaintiff did not want to receive any further calls, Defendant placed numerous harassing calls to Plaintiff's cellular phone following her request that Defendant's calls cease.

13.   In the calls that Plaintiff answered, Plaintiff was greeted by a pre-recorded message instructing her to press "1" to be transferred to a live representative or press another number if she

was not "Veronica Duncan."

14. In the calls that Plaintiff did not answer, Plaintiff was greeted by a pre-recorded message instructing her to call Defendant back.

15. Additionally, after acquiring subject debt, Defendant contacted Plaintiff about the subject debt via written correspondence.

16. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Concord, California ("mail house").

17. Defendant disclosed to the mail house:

   a. Plaintiff's status as a debtor;

   b. the subject debt amount;

   c. the Plaintiff's address; and

   d. other highly personal pieces of information

18. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from California to Plaintiff's residence.

19. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## DAMAGES

20. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

21. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

22. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with

the objective being communication with and motivation of the consumer to pay the subject debt.

23. Plaintiff never consented to having her personal and confidential information, concerning the subject debt or otherwise be shared with anyone else.

24. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Emphasis added).

25. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

26. Due to Defendant's communication to this mail house, information about Plaintiff, included names, addresses and the amount that was due, all within the possession of an unauthorized third-party.

27. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

28. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

29. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

4

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by pre-recorded phone calls, aggravation that accompanies unsolicited telephone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## CLASS ACTION ALLEGATIONS

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

33. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

and/or released.

**A.    Numerosity**

34.    The exact number of members of the Putative Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

35.    Upon information and belief, Defendant made phone calls to thousands of consumers who fall within the definition of the Putative Class.

36.    Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

**B.  Commonality and Predominance**

37.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality**

38.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.  Superiority and Manageability**

39.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40.    The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41.    By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42.    Economies of effort, expense, and time will be fostered and uniformity of decisions

ensured.

**E. Adequate Representation**

43. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

45. Plaintiff has retained competent counsel in consumer class action litigation.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

48. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

49. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

50. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

51. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

52. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

53. Defendant violated 15 U.S.C. §§1692c(b), d, d(5) and f through its unlawful debt

collection practices.

    **a. Violations of FDCPA § 1692c**

54. Defendant violated §1692c(b) when it disclosed information about Plaintiff's subject debt to the employees of an unauthorized third-party mail house in connection with the collection of the subject debt.

    **b. Violations of FDCPA § 1692d**

55. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff requested that Defendant cease the harassing phone calls.

56. Defendant violated §1692d(5) by engaging in harassing methods to obtain the subject debt when Defendant continuously placed calls to Plaintiff's cellular phone repeatedly even after Plaintiff told Defendant to stop.

57. As pled above, Plaintiff was severely harmed by Defendant's conduct.

58. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

    **c. Violations of FDCPA § 1692f**

59. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of the subject debt, to wit, knowingly disclosing personal and confidential information about Plaintiff, to unauthorized third-party not expressly authorized under the FDCPA

60. Defendant's conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

61. Defendant intentionally made these communications in order to gain an advantage

over other debt collectors and generate additional profits.

62. By its conduct, Defendant is liable under the FDCPA for statutory damages up to $1,000 and other compensation.

**WHEREFORE**, Plaintiff, Veronica Duncan, respectfully requests that this Honorable Court:

    a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A);
    b. Enjoin Defendant from further communicating with Plaintiff.
    c. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);
    d. Reasonable costs & attorneys' fees under to U.S.C. §1692k(a)(3); and
    e. Such other relief that this Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
**(On behalf of Plaintiff and members of the Putative Class)**

63. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

64. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

65. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

66. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

67. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

68. Upon information and belief, the dialing system employed by Defendant transfers

9

the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

69. As pled above, Plaintiff revoked any prior consent with Defendant and therefore Defendant no longer had consent to place calls to Plaintiff's cellular phone number.

70. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

71. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

72. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

73. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff, on behalf of herself and members of the Putative Class, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;
b. Declaring that the practices complained of herein are unlawful and violate the TCPA;
c. Awarding Plaintiff and members of the Putative Class damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Date: January 13, 2022

Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda, State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com